IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT NIEHAUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-160-GPM |
| | ) |
| UNITED SEATING & MOBILITY, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion for summary judgment brought by Defendant United Seating and Mobility, Inc. ("United") (Doc. 17). Plaintiff Robert Niehaus is disabled and requires the use of a motorized wheelchair for mobility. According to the allegations of Niehaus's complaint, in August 2007 Niehaus engaged United to repair his wheelchair; United loaned Niehaus a wheelchair to use during the pendency of the repairs. Niehaus alleges that on September 28, 2007, he fell out of the borrowed wheelchair because the wheelchair contained several defects, to wit, the wheelchair was too small for Niehaus and the joystick and seatbelt on the wheelchair were defective. Niehaus asserts claims for strict product liability and negligence against United in connection with the September 2007 accident. This case was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and comes to this Court on removal from state court; United alleges federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. At this time United seeks summary judgment as to Niehaus's claim for relief.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, generally at any time until thirty days after the close of discovery in a case, "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a). The rule provides further that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." *Id*. Under Rule 56, "[a] party asserting that a fact cannot be . . . genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the . . . presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1)(A)-(B). The rule provides also that "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). With respect to affidavits and declarations, the rule provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). In responding to a summary judgment motion, the non-moving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986); *Johnson v. City of Fort Wayne, Ind.*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of some alleged factual dispute between the parties or by some metaphysical doubt as to the material facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact

exists only if a fair-minded jury could return a verdict for the non-moving party on the evidence presented. *See Anderson*, 477 U.S. at 252; *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). In considering a summary judgment motion, a court must draw all reasonable inferences in the light most favorable to the non-moving party. *See Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). On summary judgment a court may not make credibility determinations or weigh the evidence, because these are tasks for a factfinder. *See Morfin v. City of E. Chicago*, 349 F.3d 989, 999 (7th Cir. 2003). In evaluating a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

      The basis of United's summary judgment motion is straightforward: Niehaus has adduced no expert testimony in support of his claim for strict product liability and negligence, as is required generally under Illinois law in cases involving an injury-causing product that allegedly has been designed or manufactured defectively. Typically, a failure by a plaintiff alleging a claim for product liability or negligence to produce expert testimony of a defect in a product is held to demonstrate the absence of genuine issues of material fact in summary judgment proceedings. *See, e.g., Fulton v. Theradyne Corp.*, No. 06 C 1321, 2007 WL 772953, at *4 (N.D. Ill. Mar. 12, 2007) (granting summary judgment and holding that in product liability and negligence cases involving a specialized product and knowledge that is not within the purview of laypeople, expert testimony is required to prove a defect in the product); *Klootwyk v. DaimlerChrysler Corp.*, No. 01 C 6127, 2003 WL 21038417, at **3-4 (N.D. Ill. May 7, 2003) (in a case involving an alleged defect in an automobile when an airbag failed to deploy after a collision, the court granted summary judgment

because the plaintiff did not offer expert testimony to establish that the design of the vehicle's airbag was unreasonably dangerous or the proximate cause of the plaintiff's injury); *Muller v. Synthes Corp.*, No. 99 C 1492, 2002 WL 460827, at **6-9 (N.D. Ill. Mar. 26, 2002) (granting summary judgment in a case involving a surgical implant device, and noting that the plaintiff could not avoid summary judgment against her claims of breach of warranty, negligence, and product liability without presenting expert testimony); *Langer v. Dista Prods. Co.*, No. 90 C 4598, 1996 WL 526763, at *2 (N.D. Ill. Sept. 12, 1996) (citing *Northern Trust Co. v. Upjohn Co.*, 572 N.E.2d 1030, 1036 (Ill. App. Ct. 1991)) (granting summary judgment in a case in which the plaintiffs alleged that ingestion of the prescription anti-depressant medication Prozac led to a suicide attempt, and noting that "under Illinois law, 'expert testimony shall be necessary and proper in a case . . . where a drug manufacturer's liability for a prescription is based upon its failure to provide adequate warnings.'"). Although the determination of whether expert testimony is necessary to support a claim of a product defect is judged according to "[t]he specific facts and issues involved" in a case, generally in product liability and negligence cases involving specialized products and "specialized knowledge" expert testimony is required. *Baltus v. Weaver Div. of Kidde & Co.*, 557 N.E.2d 580, 588-89 (Ill. App. Ct. 1990) (stating that "[m]anufacturing negligence resulting in an unreasonably dangerous product seems particularly appropriate for expert opinion."). A jury cannot be allowed in the absence of expert testimony to "speculate that [a product] was in fact . . . unreasonably dangerous[.]" *Id.* at 589. *See also Sorce v. Naperville Jeep Eagle, Inc.*, 722 N.E.2d 227, 238 (Ill. App. Ct. 1999) (affirming a grant of summary judgment where there was no evidence as to why a car seat began vibrating, because a "legal inference of defectiveness may not be drawn merely from evidence that an injury occurred.").

The rule that a claim of a design or manufacturing defect in a product must be supported by expert testimony is not ironclad, of course. Rather, Illinois law draws a distinction between simple and obvious cases and those involving more complex products, holding that when an average juror would be able to understand how a product functions using "common understanding and experience," expert testimony is not required to aid in the understanding of the defect. *Baltus*, 557 N.E.2d at 589. For example, in *Varady v. Guardian Co.*, 506 N.E.2d 708 (Ill. App. Ct. 1987), the plaintiff's crutch collapsed, and the plaintiff brought an action against the manufacturer of the crutch. *See id*. at 710. The *Varady* court held that the plaintiff's testimony, along with the admissions of the defendant's expert, was sufficient for the jury reasonably to find that "the crutch was being used in a normal manner, that it failed to perform in the manner reasonably expected, resulting in plaintiff's fall and injury, and that there were no reasonable secondary causes for the fall." *Id*. at 712. However, as noted, cases that involve complex products beyond a lay jury's understanding require expert testimony. In *Henry v. Panasonic Factory Automation Co.*, 917 N.E.2d 1086 (Ill. App. Ct. 2009), a case involving machinery used in automotive manufacturing, the court upheld summary judgment for the defendant because the plaintiff did not offer a qualified expert to opine that a lack of safety devices on the machine was an unreasonably dangerous defect. *See id*. at 1093. The court found that the machine at issue was "a specialized piece of equipment, and the design and manufacture of the [machine] involves specialized knowledge." *Id*. at 1092. Thus, in a case involving an alleged defect in a complex product, an expert is needed to aid the jury's understanding of the defect. *See id*.; *Volpe v. IKO Indus., Ltd.*, 763 N.E.2d 870, 878-79 (Ill. App. Ct. 2002) (summary judgment for the defendant was upheld due to insufficient evidence, because the plaintiff did not have expert testimony that the alleged inadequacy of a deflector device in a oxidizer tank

constituted a design defect). Obviously, this case is readily distinguishable from *Varady*. In *Varady* the product in question in was a simple crutch, whereas in the instant action the allegedly defective wheelchair is a complex product with multiple components. Also, in *Varady* the jury was asked only to assess the straightforward issue of whether the crutch performed properly when it collapsed, a matter that the jury could assess based upon their ordinary experience as laypersons. In the instant action, the wheelchair that Niehaus claims to be defective is a specialized healthcare device, and the design and manufacture of the wheelchair and its numerous components, in particular the allegedly defective seatbelt on the wheelchair, involves specialized knowledge. After consideration of the particular facts in this case, the Court agrees with United that an expert is needed to explain the various aspects of the wheelchair, including its design and manufacturing, and that it would be pure speculation if the jury were to be allowed to assess the design and manufacture of the wheelchair in the absence of expert testimony. Because Niehaus has proffered no expert testimony in support of his claim that United's wheelchair was defective, the Court will grant summary judgment in United's favor.

      To conclude, United's motion for summary judgment (Doc. 17) is **GRANTED**. This action is **DISMISSED with prejudice**. The Clerk of Court will enter judgment accordingly.

      **IT IS SO ORDERED.**

      DATED: November 3, 2011

      /s/ G. Patrick Murphy
      G. PATRICK MURPHY
      United States District Judge